UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                          :
DAVID EVERETTE,                                           :
                                                          :
                                    Petitioner,           :        18 Civ. 3674 (PAE) (SDA)
                    -v-                                    :
                                                          :        OPINION & ORDER
MARK ROYCE,                                               :
                                                          :
                                    Respondent.           :
                                                          :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

Currently pending is a petition for a writ of habeas corpus (the "Petition"), pursuant to the

Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254, by *pro se* petitioner

David Everette ("Everette"), currently incarcerated at Green Haven Correctional Facility in New

York State. Dkt. 2 ("Pet."). On November 23, 2010, a New York jury convicted Everette of two

counts of robbery in the first degree under Penal Law § 160.15(4). Dkt. 35 ("Report") at 1, 10.

He was sentenced as a persistent violent felon to concurrent prison terms of 25 years to life on

each robbery count. *Id.* at 1, 11. After sentencing, Everette filed a motion to vacate the

sentence, *id.*, and pursued a direct appeal, *id.* at 14, 16, before, on April 25, 2018, filing the

Petition in this Court.

In the Petition, Everette challenges his conviction on six grounds: (1) ineffective

assistance of trial counsel based on his failure to: (a) present expert evidence concerning the

reliability of witness identification, and (b) object to the prosecutor's allegedly improper

arguments on summation; (2) a violation of his due process rights by the improper admission of

identification evidence resulting from an allegedly unduly suggestive lineup; (3) a violation of

his right to a fair trial through the admission of hearsay to prove and bolster an out-of-court

identification; (4) a violation of his right to a fair trial when the court denied his motion to sever the two robbery counts; (5) a violation of his right to a fair trial when the prosecutor committed misconduct on summation; and (6) the sentence imposed upon him was excessive. *Id.* at 1–2.

Before the Court is the April 8, 2020 Report and Recommendation of the Hon. Stewart D. Aaron, United States Magistrate Judge, recommending that the Court deny the Petition in full. The Court incorporates by reference the summary of the facts provided in the Report. For the following reasons, the Court adopts this recommendation.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are timely made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF) (RLE), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g., Wilds v. UPS*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

To the extent that the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report and Recommendation strictly for clear error. *See Dickerson v. Conway*, No. 08 Civ. 8024 (PAE), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *Kozlowski v. Hulihan*, Nos. 09 Civ. 7583, 10 Civ. 0812 (RJH), 2012 WL 383667, at *3 (S.D.N.Y. Feb. 7, 2012). "This is so even in the case of a *pro se*

petitioner." *Perez v. Mason Tenders Dist. Council Tr. Funds*, No. 17 Civ. 1022 (PAE) (AJP), 2017 WL 5125542, at *2 (S.D.N.Y. Nov. 1, 2017), *aff'd*, 742 F. App'x 584 (2d Cir. 2018). Further, "[c]ourts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation." *Tavares v. City of New York*, No. 08 Civ. 3782 (PAE), 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011) (collecting cases).

Review for clear error is appropriate. Although Everette has submitted objections, these only reiterate his original arguments.[1] Specifically, Everette makes two objections, both of which formed the basis of his original Petition and memorandum of law. *See* Pet.; Dkt. 28. First, he objects that he was subjected to an unduly suggestive lineup. *See* Dkt. 39 ("Obj.") at 2. This argument was pursued in depth in his Petition, and addressed in the Report. *See* Pet. at 23–32; Report at 24–26. Second, he objects that he received ineffective assistance of counsel based on his counsel's failure to pursue expert testimony relating to eyewitness identification. Obj. at 3–5. As with the previous objection, he made this argument in detail in his Petition, which again, was addressed in the Report. *See* Pet. at 15–23; Report at 22–24. As neither objection raises any new argument, review for clear error is appropriate.

Careful review of Judge Aaron's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety.

## CONCLUSION

For the foregoing reasons, the Court adopts Judge Aaron's report and recommendation in its entirety and denies Everette's petition for writ of habeas corpus. The Court respectfully directs the Clerk to mail a copy of this decision to Everette at the address on file.

---

[1] The New York Attorney General's Office also submitted "Objections," Dkt. 36, but it requested only that the Court review the Report for clear error because Everette's objections reiterated the arguments in the Petition.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated:  October 13, 2021
        New York, New York